UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERSON COUNTY, *et al.*, <br><br> *Plaintiffs,* <br><br> –v– <br><br> DANNIE E. WILLIAMS, M.D., *et al.*, <br><br> *Defendants.* | Case No. 4:19–cv–00157–RLW |

**DEFENDANT CVS PHARMACY, INC.'S**
**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR LEAVE TO LIFT STAY FOR A LIMITED PURPOSE**

Defendant CVS Pharmacy, Inc. ("CVS") submits this memorandum in opposition to Plaintiff's motion for leave to lift stay for a limited purpose. E.D. Mo. Dkt. No. 12.

## Background

On January 29, 2019, twenty Missouri political subdivisions ("Plaintiffs") filed a Petition in the Circuit Court for the City of St. Louis asserting claims relating to prescription opioid medications.[1] CVS removed the action to this Court on January 31, 2019, alleging both federal question jurisdiction, 28 U.S.C. § 1441(a), and jurisdiction under the Class Action Fairness Act

---

[1] Plaintiffs filed a previous iteration of this case in the Circuit Court for the City of St. Louis in 2018, and the case was removed to this Court. *Jefferson County, et al.* v. *Purdue Pharma, L.P., et al.*, 4:18-cv-01477-RLW (E.D. Mo.) [hereinafter *Jefferson County I*]. The parties in *Jefferson County I* then litigated the merits of a temporary stay pending a final decision by the Judicial Panel on Multidistrict Litigation (the "JPML") on whether to transfer the case to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, 1:17-md-2804 ("Opiate MDL"). This Court granted a stay in *Jefferson County I*. Plaintiffs then voluntarily dismissed *Jefferson County I* and subsequently re-filed the action, which is the case now pending before the Court.

("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). E.D. Mo. Dkt. No. 1.² Upon removal, Defendant Cardinal Health, Inc. filed a notice with the JPML tagging this case for potential transfer to the Opiate MDL. *See* JPML Dkt. No. 3660. Based on that notice, the JPML issued a conditional transfer order and indicated that the case should be transferred to the Opiate MDL, because it appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." JPML Dkt. No. 3691 ("Conditional Transfer Order").

On February 7, 2019, CVS filed a Motion for a temporary stay of proceedings pending the JPML's likely transfer of the case to the Opiate MDL (the "Motion to Stay"). E.D. Mo. Dkt. No. 7. This Court granted CVS's motion that same day, and entered an order stating: "Litigation is **STAYED** pending the JPML's decision on the Plaintiffs' motion to vacate the conditional transfer order." E.D. Mo. Dkt. 11. The Court further required that the parties "notify [the] Court within three days of the JPML's decision on the motion to vacate the conditional transfer order." *Id.*

On February 13, 2019, Plaintiffs and Defendant Mylan Pharmaceuticals, Inc. ("Mylan") filed separate notices of opposition to the JPML's Conditional Transfer Order. JPML Dkt. Nos. 3757, 3766. Plaintiffs and Mylan filed separate motions to vacate the JPML's Conditional Transfer Order on February 28, 2019. JPML Dkt. Nos. 3828, 3855. Consolidated responses to Plaintiff's and Mylan's motions to vacate the Conditional Transfer Order are due on March 21, 2019, and it is expected that the JMPL will make a final transfer decision at its May 30, 2019 hearing.

---

² "JPML Dkt." refers to the JPML's docket in *In re National Prescription Opiate Litigation*, MDL No. 2804 (J.P.M.L.), and "E.D. Mo. Dkt." refers to this Court's docket in this action.

Plaintiffs now have filed a motion for leave to lift the February 7, 2019 stay order for the limited purpose of filing Plaintiff's Motion to Remand to State Court.  The stated purpose of the motion is to enable Plaintiffs to timely file their remand motion.  However, as discussed below, Plaintiffs need not file their remand motion at this juncture in order for such motion to be deemed timely.  Also, lifting the stay is not otherwise necessary to protect Plaintiffs' interests and would undermine the considerations that led to the stay being entered.  Accordingly, we respectfully submit that the motion to lift stay should be denied.

## Argument

Plaintiffs' motion to remand need not be filed within 30 days after the filing of the notice of removal in order for the motion to be deemed timely.  Under 28 U.S.C. § 1447(c), only "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."

That does not describe Plaintiffs' motion to remand.  Plaintiffs' motion is based on an asserted lack of subject matter jurisdiction.  A motion to remand on that basis may be filed "at any time before final judgment."  28 U.S.C. § 1447(c).  *See, e.g., Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998).  *See also* Rule 12(h) of the Federal Rules of Civil Procedure (lack of subject matter jurisdiction may be raised at any time).

Accordingly, lifting the stay is unnecessary to enable Plaintiffs to timely file their motion to remand.  Plaintiffs' motion may be timely filed later in these proceedings, after the stay is lifted in due course following the JPML's decision on the pending motions to vacate the conditional transfer order.

Plaintiffs have not identified any other reason why lifting the stay at this juncture is necessary to protect their interests.  And, lifting the stay would undermine the considerations

which led to the stay being entered by requiring that the parties bear the burden and expense of prematurely engaging in motion practice in advance of a decision on whether the conditional transfer order should be vacated.

Finally, and alternatively, if the Court for any reason concludes that the stay should be lifted for the limited purpose of allowing Plaintiffs to file their motion to remand, in order to ensure that such motion is deemed timely filed, we ask that the Court make clear the stay continues in all other respects, Defendants need not file responses to the motion to remand at this point, and there will be no present consideration of the motion to remand.  Rather, further briefing and consideration of the motion to remand will be among the proceedings stayed until the stay order is finally lifted.[3]

## Conclusion

For all the foregoing reasons, we respectfully submit that the motion to lift stay should be denied. A proposed Order accompanies this memorandum.

Dated: March 11, 2019

Respectfully submitted,

/s/ *Gerald P. Greiman*
Gerald P. Greiman, #26668MO
SPENCER FANE LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, Missouri 63105
(314) 863–7733
(314) 862–4656 (fax)
ggreiman@spencerfane.com

---

[3] If, notwithstanding the above, the Court deems it appropriate for responses to the motion to remand to be filed at this juncture, we ask that Defendants be allowed fourteen (14) days from the date of the Court's ruling on the instant motion in which to file such responses.  Counsel for Plaintiffs has consented to such 14-day response period.

4

Conor B. O'Croinin*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202–1031
(410) 949–1160
cocroinin@zuckerman.com

Eric R. Delinsky*
Alexandra W. Miller*
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036–5807
(202) 778–1800
edelinsky@zuckerman.com
smiller@zuckerman.com

\* denotes national counsel who will seek pro hac vice admission

*Counsel for Defendant CVS Pharmacy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2019, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, to be served by the Court's electronic notification system upon all counsel of record.

/s/ *Gerald P. Greiman*